# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ALLEN, | 1:16-cv-01330-DAD-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATION, RECOMMENDING THAT PLAINTIFF'S MOTION FOR REMAND BE GRANTED (ECF No. 5.) |
| v. | |
| PAM AHLIN, et al., | |
| Defendants. | OBJECTIONS, IF ANY, DUE IN FOURTEEN (14) DAYS |

## I.     RELEVANT PROCEDURAL HISTORY

David Allen ("Plaintiff") is a pretrial detainee proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is currently detained at Coalinga State Hospital in Coalinga, California, in the custody of the California Department of State Hospitals (CDSH), where the events at issue in the complaint allegedly occurred. This action was initiated by civil complaint filed by Plaintiff in the Fresno County Superior Court on February 1, 2016 (Case #16CECG00387). On March 3, 2016, Plaintiff filed the First Amended Complaint against two defendants, Pam Ahlin (Director, CDSH) and Cliff Allenby (Acting Director, CDSH) ("Defendants"). (ECF No. 2 at 6-65.) On September 9, 2016, defendant Allenby removed the case to federal court by filing a Notice of Removal of Action pursuant to 28 U.S.C § 1441. (ECF No. 2.) Defendant Allenby asserts in the Notice of Removal that he was served with a copy of the Amended Complaint on June 20, 2016. (ECF No. 2 at 2, ¶4.)

On October 4, 2016, defendant Pam Ahlin filed a Notice of Removal of Action pursuant to 28 U.S.C § 1441. (ECF No. 9.) Defendant Ahlin asserts that she was served with a copy of the Amended Complaint on September 14, 2016. (ECF No. 9 at 2, ¶4.) On October 4, 2016, defendant Allenby joined in defendant Ahlin's Notice of Removal. (ECF No. 10.)

On September 29, 2016, Plaintiff filed a motion to remand this action to the State court. (ECF No. 5.) On October 14, 2016, Defendants filed an opposition to the motion. (ECF No. 11.) On December 9, 2016, Plaintiff filed a reply to the opposition. (ECF No. 13.) Plaintiff's motion to remand is now before the court. Local Rule 230(*l*).

## II.     PLAINTIFF'S MOTION TO REMAND

### A.     <u>Legal Standard</u>

28 U.S.C. § 1441(a) provides: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Federal courts, however, are courts of limited jurisdiction. <u>See</u> <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994); <u>Guglielmino v. McKee Foods Corp.</u>, 506 F.3d 696, 700 (9th Cir. 2007). As a result, the removal statute is construed strictly against removal, and, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992); <u>see also</u> <u>Boggs v. Lewis</u>, 863 F.2d 662, 663 (9th Cir.1988). Federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This court has original jurisdiction over actions brought pursuant to 42 U.S.C. § 1983. <u>See</u> 28 U.S.C. § 1331.

28 U.S.C. § 1446 sets forth the statutory procedures a defendant or defendants must follow to remove an action to federal court. Under those procedures, which also are to be "strictly construed," <u>Syngenta Crop Prot., Inc. v. Henson</u>, 537 U.S. 28, 32 (2002), the notice of removal containing a short and plain statement of the grounds for removal, 28 U.S.C. § 1446(a), "shall be filed within 30 days after the receipt by the defendant, through service or

otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter," 28 U.S.C. § 1446(b)(1). See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347–48 (1999) (the 30-day deadline to remove set forth in § 1446(b) is "triggered by" service of summons and complaint and not by earlier "receipt of the complaint unattended by any formal service").

Pursuant to the so-called "last-served defendant rule," which since 2011 has been codified in the removal procedure statute, "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B). And pursuant to the so-called "unanimity rule," "[w]hen a civil action is removed solely under [28 U.S.C. §] 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).[2] "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C).

Filing a motion to remand is the proper way to challenge removal. Moore–Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009). Remand to state court may be ordered either for lack of subject matter jurisdiction or, upon the timely filing of a motion to remand, for any defect in removal procedure. 28 U.S.C. § 1447(c). A motion to remand based on any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice of removal, but the court may consider whether it has subject matter jurisdiction over a case at any time. Id. When the court's subject matter jurisdiction is at issue, the court may remand *sua sponte* or on motion of a party, and the party who invoked the federal court's jurisdiction has the burden of establishing it. See Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 403–04 (9th Cir. 1996); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921). On plaintiff's

motion for remand, the defendant seeking removal of the action to federal court has the burden of establishing grounds for federal jurisdiction in the case. Gaus, 980 F.2d at 566. The defendant also has the burden of showing that it has complied with the procedural requirements for removal. California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004).

## B. **Plaintiff's Position**

Plaintiff argues that this case should be remanded to the Fresno County Superior Court, due to procedural defects in defendant Allenby's removal. Plaintiff argues that Defendant Allenby removed this case to federal court months after he was served with process, and therefore the removal is untimely. Plaintiff submits as evidence a copy of the Proof of Service of Summons filed at Fresno County Superior Court on June 20, 2016, showing that defendant Allenby was served with the summons and complaint on April 21, 2016. (ECF No. 7, Exh. B.) Plaintiff also submits a copy of the Proof of Service of Summons filed at Fresno County Superior Court on May 23, 2016, showing that defendant Ahlin was served with the summons and complaint on April 21, 2016. (Id., Exh. A.)

Plaintiff also argues that defendant Ahlin did not properly join in or consent to defendant Allenby's removal, as required under 28 U.S.C. § 1446(b).

## C. **Defendants' Opposition**

Defendants argue that the motion for remand should be denied because Plaintiff's assertion that defendant Allenby was served in April 2016 is not supported by the record. Defendants claim that defendant Allenby was served with a First Amended Complaint in June 2016, as shown by the Fresno County Superior Court. Defendants also contend that defendant Ahlin was not properly served until September 13, 2016, after the notice of removal was filed.

Defendants submit as evidence the declarations of Lisa Tillman (defense counsel) and Toan Nguyen (legal secretary at the SDSH). (ECF Nos. 11-1, 11-2.) Defense counsel declares that she is informed that defendant Cliff Allenby was served with a copy of the First Amended Complaint. (Tillman Decl., ECF No. 11-1 ¶2.) Defense counsel also declares that she reviewed the Fresno County Superior Court's July 22, 2016, order denying Plaintiff's request for entry of default against Allenby and Ahlin, and the order noted that a first amended

complaint had been filed. (Id.) A copy of the Superior Court's July 22, 2016, order is submitted for the court's review. (Id., Exh. A.) Toan Nguyen declares that part of her duties is to promptly log the service of all complaints against Defendants Ahlin and Allenby, and her log shows that defendant Ahlin was served with the First Amended Complaint on September 13, 2016, by personal service on the office of the CDSH. (Tuan Decl. ¶3.)

### D. Plaintiff's Reply

Plaintiff responds that the motion for remand must be granted based on the untimeliness of the Notice of Removal, the failure of all Defendants to consent to removal, and the failure of Defendants to seek leave of court to amend the Notice of Removal.

Plaintiff argues that the removal is improper because it was filed more than thirty days after Defendants were served. Plaintiff asserts that Defendant Ahlin was served with a copy of the summons and First Amended Complaint by the Sacramento County Sheriff's Department on April 21, 2016, as shown by the Proof of Service of Summons filed on May 23, 2016. Plaintiff also argues that Defendants failed to consent to removal and failed to seek leave of court to amend the notice of removal.

### E. Discussion

Plaintiff's documentary evidence consists of a Proof of Service of Summons for each of the defendants, Allenby and Ahlin, showing that they were personally served with a summons, complaint, and other documents on April 21, 2016, at 8:43 a.m., by leaving the documents with attorney Robert Deruyter, an authorized agent, at the CDSH in Sacramento. (ECF No. 7 at 4, 7.) The papers were served by P. Yuen, agent of the Sheriff in Sacramento. (Id.) The Proofs of Service were filed at the Fresno County Superior Court in Plaintiff's state court case 16CEC00387 on May 23, 2016 and June 20, 2016. (Id.) This evidence shows that defendants Allenby and Ahlin were both served on April 21, 2016. Defendants' argument that they were served on other dates is not supported by documentation,[1] and Defendants have not contested

---

[1] Neither of the Defendants submitted any documents with their opposition, or with their notices of removal, showing when they were served. The significance of the Fresno County Superior Court's July 22, 2016 order denying entry of default is not apparent. (Tillman Decl., ECF No. 11-1, Exh. A.)

Plaintiff's evidence except to state that it is not supported by the record. Thus, Defendants have not met their burden to show that they complied with the procedural requirements for removal. Under 28 U.S.C. § 1446(a), Defendants had 30 days after being served to remove Plaintiff's case to federal court. Defendants' notices of removal were filed on September 6, 2016, and October 14, 2016, more than four months after the April 21, 2016 date of service. Therefore, Plaintiff's motion to remand should be granted.

Plaintiff's argument that Defendants failed to consent to removal fails because on October 14, 2016, defendant Ahlin filed a notice of removal and defendant Allenby joined her removal. (ECF Nos. 11, 12.)

Plaintiff did not raise the issue of Defendants' failure to seek leave to amend the notice of removal until he filed his reply brief in this court. Raising new legal arguments in a reply brief is a disfavored practice. See In re Rains, 428 F.3d 893, 902 (9th Cir. 2005) (citing Coleman v. Quaker Oats Co., 232 F.3d 1271, 1289 n. 4 (9th Cir. 2000) (litigant failed to raise his claim properly before the district court when he did not raise the claim until his reply brief and the district court did not address the claim in its subsequent order, "undoubtedly relying on the principle that 'issues cannot be raised for the first time in a reply brief' "); accord Barnett v. S. California Edison Co. Long Term Disability Plan, No. 1:12CV00130-LJO-SAB, 2016 WL 4077721, at *24 (E.D. Cal. July 5, 2016). More significantly, Plaintiff has not addressed the new issue or offered any argument or evidence in support. Therefore, the court shall not review this issue.

## III. RECOMMENDATION AND CONCLUSION

Based on the foregoing, the court **HEREBY RECOMMENDS** that Plaintiff's motion for remand, filed on September 29, 2016, be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after the date of service of these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be

served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 4, 2017**                **/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE